# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHY BLAND, | ) |
|     Petitioner, | ) |
| | ) Case No. 15-0041-CV-W-GAF-P |
| vs. | ) |
| RONDA PASH, | ) |
|     Respondent. | ) |

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions and sentences for fourteen counts of rape, six counts of sodomy, four counts of attempted rape, three counts of first-degree robbery, and four counts of first-degree assault, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner's convictions were affirmed on direct appeal. Resp. Ex. E. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was denied following an evidentiary hearing (Resp. Ex. F, pp. 91-103), and that denial was affirmed on appeal therefrom (Resp. Ex. I).

Petitioner raises five grounds for relief:[1] (1)(a) his convictions violate the Ex Post Facto Clause, (1)(b) trial counsel was ineffective for failing to file a motion to suppress, (2) trial counsel was ineffective for failing to file a motion asserting his right to a speedy trial, (3) trial counsel was ineffective for failing to file a writ of prohibition, and (4) trial counsel was ineffective for failing to let petitioner testify on his own behalf. Doc. No. 1, pp. 5-10, 14. Respondent contends that Grounds 1(a), 1(b), 2, and 3 are procedurally defaulted and that Ground 4 is without merit. Doc. No. 9, pp. 2-3.

---

[1] Petitioner raises two separate and distinct claims under Ground 1 regarding his convictions violating the Ex Post Facto Clause and trial counsel's failure to file a motion to suppress. Doc. No. 1, p. 6. For clarity, those claims will be identified as Ground 1(a) and Ground 1(b), respectively, for purposes of this Order.

# STATEMENT OF FACTS

In affirming petitioner's convictions and sentences, the Missouri Court of Appeals, Western District, set forth the following facts:

> Bland was charged for committing a series of sexual attacks on several women in the Kansas City area in 1985 and 1986. Bland was charged with attacking twelve different women on twelve different occasions, with a total of thirty one felony charges being charged by the State. Specifically, Bland was charged with the following:
>
> -Two counts of forcibly raping S.W., one count of forcible sodomizing S.W., and one count of robbery in the first degree of S.W. on April 20, 1985.
> -One count of forcible raping M.O., one count of assaulting M.O. in the first degree, and one count of robbery in the first degree of M.O. on July 23, 1985.
> -One count of forcibly raping H.S. on October 19, 1985.
> -One count of forcibly sodomizing J.L.B., one count of attempted forcible rape of J.L.B., and one count of forcibly raping J.L.B. on January 25, 1986.
> -One count of forcible [sic] sodomizing G.O., one count of forcibly raping G.O., and one count of robbery in the first degree of G.O. on March 18, 1986.
> -One count of attempted forcible rape of K.H., and one count of assaulting K.H. in the first degree on April 15, 1986.
> -One count of forcibly raping L.H. on April 28, 1986.
> -One count of attempted forcible rape of J.B. and one count of assaulting J.B. in the first degree on May 24, 1986.
> -Two counts of forcible sodomizing L.O., one count of attempted forcible rape of L.O., and one count of forcibly raping L.O. on July 9, 1986.
> -Two counts of forcibly sodomizing S.R., and two counts of forcible raping S.R. on July 13, 1986.
> -One count of attempted forcible rape of L.R., one count of forcibly raping L.R., and one count of robbery in the first degree of L.R. on July 22, 1986.
> -One count of forcible raping S.G. on August 17, 1986.
>
> . . . .
>
> This matter was tried before a jury in June 2008. During trial, the jury heard evidence that Bland attacked each of the twelve victims in the manner alleged by the State. In eleven of the twelve attacks, the State presented DNA evidence linking Bland to each of the crime scenes and to each specific victim (and in the twelfth case the victim positively identified Bland). When Bland claimed to know none of these victims during his interrogation prior to being charged by the State, the police told him "that the DNA on these women had come back to him," which caused Bland's relaxed demeanor to change. Specifically, Bland responded to this assertion by asking "On all of them?," and then "he slumped down in his chair and his eyes swelled up with tears."
>
> The jury found Bland guilty as charged. On twenty-four of the counts, the trial court sentenced Bland to life in prison, and on the remaining seven counts (Counts 4, 5, 7, 14, 16, 19, 30) the trial court sentenced Bland to twenty years imprisonment . . . .

2

Resp. Ex. E, pp. 3-4 (footnotes omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

### PROCEDURAL DEFAULT OF GROUNDS 1(a), 1(b), 2, AND 3

Respondent contends that petitioner procedurally defaulted Ground 1(a) by not raising it on direct appeal and procedurally defaulted Grounds 1(b), 2, and 3 by not raising them on appeal from the denial of his Rule 29.15 post-conviction motion. Doc. No. 9, pp. 2-3.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan*, 54 F.3d at 1381.

As respondent argues, petitioner failed to raise Ground 1(a) on direct appeal and failed to

---

[2]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

assert Grounds 1(b), 2, and 3 in his post-conviction appeal. Resp. Ex. C; Resp. Ex. G. As a result, Grounds 1(a), 1(b), 2, and 3 are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In reply, petitioner argues that direct appeal counsel was ineffective for not raising Ground 1(a) on direct appeal. Doc. No. 16, p. 2. Similarly, petitioner asserts that his post-conviction appeal counsel was ineffective for not raising Grounds 1(b), 2, and 3 in his post-conviction appeal. *Id*. Petitioner cites to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to support his claims.

As to petitioner's claim that post-conviction appellate counsel's ineffective assistance excuses his default in Grounds 1(b), 2, and 3, although *Martinez* recognized that ineffective assistance of post-conviction counsel could constitute cause for the failure to raise a claim in an initial post-conviction proceeding, it did not change the rule that ineffective assistance of post-conviction appellate counsel could not constitute cause to excuse a state procedural default. *Arnold v. Dormire*, 675 F. 3d 1082, 1087 (8th Cir. 2012) ("*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."); *see also Coleman v. Thompson*, 501 U.S. 722, 752-57 (1990) (holding that ineffective assistance of post-conviction appeal counsel does not constitute legally sufficient cause permitting a claim to be raised in federal court). Thus, *Martinez* does not apply to Grounds 1(b), 2 and 3, and petitioner fails to establish cause for his procedural default of these grounds.

As to petitioner's claim that the ineffective assistance of direct appeal counsel caused the default of Ground 1(a), a claim of ineffective assistance of direct appeal counsel must "be initially

4

'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding." *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003), *cert. denied* 541 U.S. 947 (2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Petitioner did not assert a claim of ineffective assistance of direct appeal counsel in the state courts relating to counsel's failure to raise an Ex Post Facto Clause violation on appeal. Resp. Ex. F, pp. 26-89; Resp. Ex. G. Even if petitioner argues under *Martinez* that post-conviction counsel was ineffective for not asserting a claim that direct appeal counsel was ineffective for not raising Ground 1(a) on appeal, the United States Court of Appeals for the Eighth Circuit and other courts decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal. *Dansby v. Hobbs*, 766 F. 3d 809, 833-34 (8th Cir. 2014); s*ee also Reed v. Stephens*,739 F. 3d 753, 778 n. 16 (5th Cir. 2014); *Hodges v. Colson*, 727 F. 3d 517, 531 (6th Cir. 2013); *Banks v. Workman*, 692 F. 3d 1133, 1148 (10th Cir. 2012). In any event, petitioner's claim that direct appeal counsel was ineffective for failing to raise Ground 1(a) is conclusory. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) ("petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified"). Consequently, petitioner's allegation of ineffective assistance of direct appeal counsel cannot excuse the procedural default of Ground 1(a).

Petitioner fails also to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied,* 549 U.S. 1036 (2006). As a result, Grounds 1(a), 1(b), 2, and 3 are procedurally defaulted and will be denied.

## **GROUND 4**

In Ground 4, petitioner claims that trial counsel was ineffective for failing to let petitioner testify on his own behalf. Doc. No. 1, p. 9. In order for petitioner to successfully assert a claim for

5

ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

To satisfy the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. Moreover, this Court may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

In affirming the denial of petitioner's post-conviction motion, the Missouri Court of Appeals, Western District, set forth the *Strickland* standard and denied Ground 4 as follows:

> The decision to testify is a defendant's personal right and "cannot be made by counsel." Id. at 139 (internal quotation marks and citation omitted). However, "[a]lthough the decision to testify rests solely with the defendant, [he] is entitled to receive reasonably competent advice" to make this decision. *Id*. (internal quotation marks and citation omitted). Thus, "trial counsel's advice whether to testify is [generally] a matter of trial strategy[] and does not constitute a ground for post-conviction relief, absent exceptional circumstances." *Id*. (internal quotation marks and citation omitted).
>
> Mr. Bland contends that "he did not knowingly, voluntarily, and intelligently waive his rights to testify at his trial," and that trial counsel's performance was deficient because they led him "to believe that he would not have any appeal rights after the trial was over[] if he decided to testify." To the contrary, Mr. Bland waived his right to testify at trial during the following exchange:

6

Case 4:15-cv-00041-GAF   Document 17   Filed 06/04/15   Page 6 of 9

| | | |
|---|---|---|
| Counsel: | | Mr. Bland, I've explained to you that you have the right to testify in [sic] your own behalf, and that's a constitutional right, correct? |
| Mr. Bland: | | Right. |
| Counsel: | | And you understand that the decision ultimately lies with you whether or not you wish to testify on your own behalf, right? |
| Mr. Bland: | | Right. |
| Counsel: | | And are you deciding to exercise the right to testify in this case? |
| Mr. Bland: | | No, I'm not. |

During the post-conviction evidentiary hearing, Mr. Bland testified that his attorneys advised him of their strategy of arguing that the DNA evidence was contaminated and that they did not think he should testify. He asserted that he would have testified that he sold or provided drugs to the women who had claimed sexual assault, and that the sexual acts were all consensual. He claims that, ultimately, he decided not to testify because trial counsel were "forcing" him not to and telling him that they were not "going to represent" him if he did. He further asserts that counsel told him that, were he to testify, he would lose.

Trial counsel testified that Mr. Bland's testimony of consensual sexual acts would have invalidated their defense strategy, which was that "Mr. Bland was not the person that even had any encounters with these people, that he had never had sex with these women or did not interact with these women and the DNA was wrong." Counsel added that Mr. Bland's testimony would have validated the DNA evidence. Additionally, trial counsel expressed concern about a prior sex offense conviction being admitted were Mr. Bland to take the stand. Counsel testified that the recommendation against testifying was repeatedly "stressed" to Mr. Bland, who "decided to go along with our strategy and agreed . . . not to do it." As to having conversations with Mr. Bland about how his testimony might impact an appeal, counsel stated, "I'm certain that I didn't say to Mr. Bland that he would lost his right to appeal if he chose to testify." Counsel further stated that the decision to testify was Mr. Bland's and that, had he opted to testify, "[they] would have done it."

Despite Mr. Bland's opinion of the allegedly compelling weight of his testimony, trial counsel testified to advising him that the jury would likely not find his testimony credible, and that "[they] would have a better shot with a jury believing that there had been possible contamination over the last 20 years . . . versus a conspiracy theory amongst the . . . women, who all called police in the middle of the night shortly after being raped." Furthermore, trial counsel testified that there was no evidence to support his claim that the sexual acts were consensual.

7

> Here, the record supports a finding that trial counsel made a reasonable decision of trial strategy when they chose to focus on DNA contamination and advised Mr. Bland against testifying. Nothing in the record indicates that trial counsel's performance was unreasonable, ineffective, or incompetent. Nor does the record indicate that Mr. Bland could not have testified if he so chose. Instead, Mr. Bland knowingly, voluntarily, and intelligently waived this right. Because Mr. Bland had failed to establish deficient performance of counsel, we need not consider whether he was prejudiced. Accordingly, the motion court did not err in denying the Rule 29.15 motion. Mr. Bland's sole point is denied.

Resp. Ex. I, pp. 5-8.

The findings of the Missouri Court of Appeals, Western District, are reasonable and are entitled to deference under Section 2254(d). In holding that Ground 4 did not merit post-conviction relief, the state appellate court identified and applied reasonably the *Strickland* standard and made a reasonable determination based on the record that petitioner knowingly, voluntarily, and intelligently waived his right to testify. Resp. Ex. I, pp. 5-8. As to the state appellate court's finding that trial counsel gave reasonably strategic advice that petitioner not testify, "courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of judge and jury." *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987); s*ee also Shaw v. U.S.*, 24 F.3d 1040, 1042 (8th Cir. 1994) (trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); *Henderson v. Norris*, 118 F.3d 1283, 1287-88 (8th Cir. 1997) (matters of trial strategy presumed correct), *cert. denied*, 522 U.S. 1129 (1998).

Because the state court's determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Ground 4 will be denied.

### CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a

petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: June 4, 2015.